**RUSSELL CLANTON (SBN 152229)**
RUSSELL J. CLANTON & ASSOCIATES
1139 H Street, Suite '1'
Arcata, CA 95521
Tel: (707) 825-6587
Fax: (707) 825-6588

# UNITED STATES DISTRICT COURT
## NORTHERN DISTICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No(s). **CR 14-00600 VC** |
| Plaintiff, | **MOTION FOR DOWNWARD DEPARTURE AND SENTENCING MEMORANDUM** |
| vs. | |
| **JAMIE LEE THOMPSON,** | **REDACTED** |
| Defendant. | |

Through counsel, Jamie Lee Thompson files the following Motion for Downward Departure and Sentencing Memorandum setting forth all factors that the Court should consider in determining what type and length of sentence is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. 3553(a).

Mr. Thompson would tell the Court that he fully understands the nature of those actions that have brought him before the Court. He would also tell the Court that he realizes the full impact the role of end-user of the subject materials has on society generally, and on the children depicted specifically. In view of this perspective, he has taken the most responsible approach to his prosecution by committing to an early admission of guilt.

1

### Sentencing under *Booker*

On January 12, 2005, the Supreme Court ruled that it's Sixth Amendment holding in Blakely v. Washington, 124 S. Ct. 2531 (2004) and Aprendi v. New Jersey, 530 U.S. 466 (2000) applies to the Federal Sentencing Guidelines. United States v. Booker, 125 S. Ct. 738, 756 (2005). In sum, in every case, a sentencing court may now consider all of the section 3553(a) factors, not just the guidelines, in determining a sentence that is sufficient but not greater than necessary to meet the goals of sentencing.

### OBJECTIONS TO MANDATORY MINIMUM SENTENCE

Mr. Thompson has an insignificant criminal history. He has been employed steadily throughout his adult life. Despite the nature of the charges his family remains supportive, focusing on the redemptive potential he manifests, not the least of which has been the complete honesty with which he approached the charges and the subsequent prosecution. They encourage and endorse his aspiration to seek treatment and one day return to the role of husband and father. Their confidence in his ability to overcome the challenges his past conduct and current status presents is owed to the transparency with which events have been treated within the family structure. None of his family members excuses or disputes his transgressions, nor do they rationalize his behavior. This family foundation, based on truth, painful as it is, is a primary indicator of the potential for constructive, personal development during incarceration and upon release. A review of the many letters provided to the court endorses this view.

Mr. Thompson has never attempted to deflect responsibility or minimize his participation in the acts charged, despite an intense awareness that he violated one of society's principal social taboos. In an area of criminality where denial is the most frequent response upon discovery, Mr. Thompson is the exception. In fact, he has

expressed a relief associated with the revelation of his activities, in that it began the process by which he could start to address the sense of self-loathing and guilt his preoccupation with the subject material imposed.

He is healthy, and copes with the uncertainty of his current status by communicating with his wife, reading self-help books sent by his family, and journals daily with his parents.

## CONCLUSION

Sentencing courts are, of course, charged with the responsibility of treating those that come before them as individuals. *See* Koon v. United States, 518 U.S. 81, 113 (1996) ("it has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue.") Courts are charged by congress, as well, to impose a sentence that is sufficient, but not greater than necessary to fulfill the goals of sentencing. *See* 18 U.S.C. section 3553(a). Mr. Thompson respectfully requests this Court to consider his insight, forthrightness, and commitment to change as a foundation to follow that tradition and to impose a sentence significantly below the advisory guideline range.

Respectfully Submitted,

*Russell Clanton*

Russell J. Clanton
SBN 152229
1139 H Street, Suite 1
Arcata, Ca. 95521
Tel: (707)825-6587
Fax: (707)825-6588